```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                          GAINESVILLE DIVISION


CORE EDUCATION and CONSULTING )    Docket Number
SOLUTIONS, INC.,              )    1:13-CV-1896-WCO
                              )
             v.               )
                              )    Gainesville, Georgia
                              )    June 7, 2013
MISHA CONSULTING GROUP, INC., )
doing business as             )
eBusiness Design              )


              TRANSCRIPT OF AGREEMENT BETWEEN PARTIES
             BEFORE THE HONORABLE WILLIAM C. O'KELLEY
                    UNITED STATES DISTRICT JUDGE

APPEARANCES OF COUNSEL:
For the Plaintiff:           MS. ANTONIA-ANNA R. PALMER
                             MS. AILIS LEIGH BURPEE
                             MS. ANASTASIA LEWIS
                             Seyfarth Shaw
                             Suite 2500
                             1075 Peachtree Street, NE
                             Atlanta, Georgia 30309
                             (404) 881-5438
                             Aburpee@seyfarth.com


For the Defendant:           MR. HOLMES J. HAWKINS, III
                             King & Spalding
                             40th Floor
                             1180 Peachtree Street, NE
                             Atlanta, Georgia 30309
                             (404) 572-4600
                             Hhawkins@kslaw.com


Official Court Reporter:     ALICIA B. BAGLEY, RMR, CRR
                             600 First Street, S.W.
                             Rome, Georgia 30161
                             (706) 378-4017

        Proceedings recorded by mechanical stenography, transcript
                         Produced by computer
```

```
 1                       P R O C E E D I N G S
 2            [in Gainesville, Hall County, Georgia; June 7, 2013;
 3                        2:00 p.m.; in open court]
 4         THE COURT:  All right.  Counsel, I was told -- fortunately we
 5  were able to do some other things.  We were told quite some time ago,
 6  15 minutes -- I trust you're just charging your clients 15 minutes
 7  instead of two hours or whatever it was.
 8         I understand you've reached some agreement.
 9         MR. HAWKINS:  We have, Your Honor.
10         MS. PALMER:  Yes, Your Honor.
11         MR. HAWKINS:  What we would propose, if it's okay with Your
12  Honor, is to simply -- I can read into the record the agreement that
13  we have reached that would be entered in the form of a proposed order
14  and, depending upon Your Honor's preferences, either you can, you
15  know, at your convenience have that order typed up or if we need to
16  stay here.
17         THE COURT:  We've got an order half written.
18         MR. HAWKINS:  Well, maybe this will help.  We've got -- it's
19  relatively short but I think that with your --
20         THE COURT:  Well, you read your agreement into the record and
21  we'll decide how to handle it.
22         MR. HAWKINS:  Fair enough.
23         MS. PALMER:  Do you mind if I --
24         MR. HAWKINS:  Not at all.  Not that she doesn't trust me.
25         Number 1:  By 10:00 p.m. Eastern Time tonight Core shall:  A,
```

1  restore EBD's VPN access according to Core's current security
2  policies, comma, B, restore the production and staging databases from
3  May 29th, 2013, comma, and C, copy the production environment to the
4  debug environment by 10:00 p.m. -- excuse me, period after
5  environment.
6          Number 2:  EBD shall review the restored systems to confirm
7  that there are no technical issues with the restore, period.  If no
8  technical issues are found, EBD shall restore full access to the
9  Assessment Center, comma, the Content Center and the full system by
10 midnight Eastern time tonight.  If technical issues are found, the
11 parties will work in good faith to identify and resolve such issues.
12         Number 3:  Neither party will compromise the integrity of the
13 system including making any changes to EBD's code or database
14 routines.
15         MS. PALMER:  It's supposed to be "or."
16         MR. HAWKINS:  Excuse me.  Make any changes to EBD codes or
17 database routines and any of the Core data resident in the system
18 including, but not limited to, Core's student and district data,
19 period.
20         Number 4:  Core shall pay EBD's June invoice of $215,000 on or
21 before June 30th, 2013, and shall pay the July invoice for $215,000
22 on or before July 15th, 2013.
23         The remedies available to EBD for non-payment will be as set
24 forth in the June 1st, 2012 agreement, comma, except if Core fails to
25 make any of the above payments by its respective date EBD will

1  immediately suspend service to Core without the requirement of any
2  further notice and without regard to any conflicting payment terms in
3  prior EBD/Core agreements.  If Core fails to make payment within ten
4  days of the above due dates, EBD may, without further notice,
5  terminate the contract.
6          And Number 5:  The current lawsuit against EBD is hereby
7  dismissed with prejudice, notwithstanding the foregoing:  Core shall
8  have the right to bring new claims against EBD based upon events or
9  actions occurring after the date of entry of this order including for
10 any additional breaches of the contract which were not previously
11 included in the lawsuit.
12         THE COURT:  All right.  And you agree to that?
13         MS. PALMER:  Yes, Your Honor.
14         THE COURT:  All right.  And you want that as a part of the
15 ordered -- an order from the Court granting a preliminary -- or
16 injunction?
17         MS. PALMER:  Yes, Your Honor.  That's the only way we would
18 agree to this.
19         THE COURT:  And, of course, that injunction would expire by
20 its own limits at the end of July, I guess?
21         MS. PALMER:  We had asked for the injunction through the end
22 of July, Your Honor.
23         THE COURT:  That's when the agreement expires.  So that
24 everything would die as of that date?
25         MR. HAWKINS:  That's right, Your Honor.

1       MS. PALMER: Yes, Your Honor.

2       THE COURT: All right. Now, the Court hereby orders the
3  parties to comply with the agreement -- the parties, their officers,
4  agents, employees, and attorneys, and all persons acting in concert
5  with them to comply with the agreement -- the agreed upon temporary
6  restraining order that has just been read into the record.

7       Now, the Court -- I'm not going to stay here tonight in view
8  of those circumstances and try to get this out in a signed order
9  tonight. You don't need it since you've got your CEOs here, they've
10 heard it, and a violation of a verbal order is just as good as a
11 written order, as far as I'm concerned and as far as the law's
12 concerned. We will reduce it to writing for the record and, of
13 course, it's in the record now, but we will reduce it to a written
14 order on Monday trying to use essentially the same language you have
15 used -- maybe the exact language because we might have it written
16 differently, but I think we would probably use the exact language
17 you've used in view of it being an agreement, agreed order. And we
18 could probably get it out within an hour or so tonight or less, but
19 I'm still not going to do it. We've had a -- the last two days have
20 been hectic.

21      Now, the case will be dismissed upon the signing of the order,
22 but the Court will retain jurisdiction of the case for the purpose of
23 enforcing the order, that's the normal practice. In other words,
24 there's not to be any further litigation in the case, this disposes
25 of everything that the parties wanted.

```
 1              And I assume, because you're talking about such prompt
 2    action -- I assume this will, hopefully, get all whatever millions of
 3    children there are covered.
 4              Now, I noticed you put yours back in the folder.  I would like
 5    to get a copy of that made right now for my law clerk, what you read.
 6              MR. HAWKINS:  Part of my chicken scratch.
 7              THE COURT:  Well, it will help.  And the court reporter is
 8    going to print us her copy before she leaves to go back to Rome
 9    tonight so that we have it to work with on Monday.
10              Any questions?
11              MR. HAWKINS:  No, Your Honor.
12              MS. PALMER:  No, Your Honor.
13              THE COURT:  All right.  From the two CEOs, any question as to
14    the understanding that you're to comply with this and failure to do
15    so would be a contempt of court?
16              MR. MISHA:  I understand.  And we will, of course, comply with
17    that.
18              THE COURT:  And you've got obligations under it as well.
19              MS. NEIL:  Absolutely.
20              THE COURT:  You understand that any violation of it on your
21    part would be -- you undertook some obligations that you weren't --
22    in doing it.  They were cross obligations is the way I understand it.
23                        [off-the-record discussion]
24              THE COURT:  Okay.  All right.  Anything else we need to take
25    care of in regard to --
```

1          MS. PALMER:  No, Your Honor.  Thank you for your time.
2          THE COURT:  The only thing that makes it pleasant is I was
3  able to get rid of it.
4          MR. HAWKINS:  Thank you so much.
5          THE COURT:  All right.  If there's nothing else, then we will
6  adjourn until further order.
7          MR. HAWKINS:  Thank you, Your Honor.
8          MS. PALMER:  Thank you.
9          THE MARSHAL:  All rise.
10                  [proceedings concluded at 5:10 p.m.]
11
12 UNITED STATES DISTRICT COURT
13 NORTHERN DISTRICT OF GEORGIA
14 <u>CERTIFICATE OF REPORTER</u>
15
16      I do hereby certify that the foregoing pages are a true and
17 correct transcript of the proceedings taken down by me in the case
18 aforesaid.
19          This the 10th day of June, 2013.
20
21
22                              /S/ Alicia B. Bagley
                                ALICIA B. BAGLEY, RMR, CRR
23                              OFFICIAL COURT REPORTER
                                (706) 378-4017
24
25